IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01663-CNS-MDB

DAVID V. SALAMA and NANCY M. SALAMA,

     Plaintiffs,

v.

CITY OF PUEBLO, a municipal corporation,

     Defendant.

---

## ORDER

---

Before the Court is Defendant City of Pueblo's (the City's) Motion for Summary Judgment (ECF No. 40). For the following reasons, the Court DENIES the City's summary judgment motion. In doing so, the Court presumes a reader's familiarity with this case's factual and procedural background, the parties' summary judgment briefing, and the legal standard governing the Court's analysis of the City's motion. *See, e.g.,* Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### I.    ANALYSIS

Seeking summary judgment, the City makes the following arguments:

- Sisneros "was not a But-For" cause of the "Automobile/Bus Collision";

- Sisneros "was not" a "Proximate Cause" of the "Automobile/Bus Collision" nor was Sisneros a proximate cause of the "Bus/House Collision";

1

- Sisneros "did not have . . . a duty" to the Plaintiffs; and

- Sisneros did not "breach a duty" to the Plaintiffs.

ECF No. 40 at 12–17 (capitalization omitted). Against the backdrop of Colorado negligence law, *see, e.g., Phillips by & through Deadwyler v. Miser*, No. 19-cv-3332-WJM-SKC, 2021 WL 720068, at *4 (D. Colo. Feb. 24, 2021), which the parties agree applies in the Court's substantive analysis, *see, e.g.,* ECF No. 40 at 7, the Court considers these arguments in turn.

### A. But-For Causation

The City's "but-for" causation arguments rely on a series of factual statements, chiefly that

- Welshans "did not observe any unreasonable driving conduct by Sisneros prior to (or following) the collision";

- The "PPD traffic investigation did not find evidence of unreasonable driving conduct by Sisneros"; and

- "Plaintiffs have not disclosed any witnesses that observed Sisneros unreasonably operated the bus."

ECF No. 40 at 12; *see also* ECF No. 53 at 11. Therefore, the City argues, "Plaintiffs cannot meet their burden to establish genuine material facts" that Sisneros was the but-for cause of the collision. *Id.* Plaintiffs counter they have set forth evidence showing that "genuine factual questions for the jury exist" as to whether Ms. Sisneros was the but-for cause of the collision. ECF No. 43 at 15. The Court agrees with Plaintiffs.

Under Colorado negligence law, a plaintiff must show a defendant was the "but-for" cause of his injury. *See, e.g., Rocky Mountain Planned Parenthood, Inc. v. Wagner*,

467 P.3d 287, 292 (Colo. 2020); *Banks v. Munir*, No. 1:20-cv-03729-CNS-MDB, 2023 WL 2914811, at *8 (D. Colo. Apr. 12, 2023) ("Under Colorado law, 'but-for' causation is the essential causation standard." (citations omitted)). The "but-for" causation test is satisfied if "the negligent conduct in a natural and continued sequence, unbroken by any efficient, intervening cause, produce[d] the result complained of, and without which the result would not have occurred." *Vititoe v. Rocky Mountain Pavement Maint., Inc*., 412 P.3d 767, 777 (Colo. App. 2015) (quotations omitted). "Causation in fact is typically a question for the jury, unless the undisputed facts would allow reasonable minds to draw just one inference from them." *Rocky Mountain*, 467 P.3d at 292 (citation omitted).

Drawing all reasonable inferences from the evidence presented by the parties in Plaintiffs' favor, as the Court must at the summary judgment stage, *see, e.g., Mares v. ConAgra Poultry Co*., 971 F.2d 492, 494 (10th Cir. 1992), Plaintiffs have presented evidence creating sufficient material factual disputes regarding "but-for" causation—and certainly evidence that prohibits the Court from concluding at this stage that any "*undisputed* facts would allow reasonable minds to draw *just one* inference from them" in *the City*'s favor as to but-for causation, *Rocky Mountain*, 467 P.3d at 292 (citation omitted) (emphases added). There is no dispute the speed limit on Berkley Avenue was 30 miles per hour. *See* ECF No. 40 at 4; ECF No. 43 at 2; ECF No. 53 at 2. But there is a genuine dispute of material fact as to whether that Ms. Sisneros was driving *over* that speed limit, and whether had she been driving at or under the Berkley Avenue speed limit of 30 miles per hour would the collision have occurred. *See* ECF No. 43-13 at 57; 61. This evidence is sufficient to create a factual dispute as to whether Ms. Sisneros's conduct—driving over

the speed limit—set in motion a "continued" and "unbroken" sequence that produced "the result complained of"—Plaintiffs' property damage—"without which the result would not have occurred." *Vititoe*, 412 P.3d at 777 (quotations omitted). This conclusion is bolstered by the genuine factual disputes that Plaintiffs have created as to whether Ms. Sisneros failed to "counter steer" in order to keep the bus on the roadway. *See, e.g.,* ECF No. 43 at 11; ECF No. 43-12 at 51 ("The photographic evidence shows Mary Sisneros failed to counter steer to keep the 2006 Gillig Transit Bus on the roadway."); *id.* at 20 (noting "there was no evidence" Ms. Sisneros "attempted to counter steer"); *Vititoe*, 412 P.3d at 777. The City's challenge to certain conclusions as to Ms. Sisneros's driving speed reached by Plaintiffs' expert further underscores the fundamentally factual nature of the parties' dispute. *See* ECF No. 53 at 7. "Such a dispute, involving competing expert opinions, presents the classic battle of the experts and it is up to a jury to evaluate what weight and credibility each expert opinion deserves." *Kogl v. Goodyear Tire & Rubber Co.*, No. 1:20-cv-01193-RMR-MDB, 2023 WL 7458358, at *11 (D. Colo. Mar. 13, 2023) (quotations and alterations omitted).

Accordingly, for the reasons set forth above, Plaintiffs have set forth sufficient evidence that creates genuine factual disputes as to whether their property damage "would not have occurred" but for Ms. Sisneros's conduct, and therefore survived the City's summary judgment motion on "but-for" causation grounds. ECF No. 43 at 15; *Cf. Rocky Mountain*, 467 P.3d at 292 ("Causation in fact is typically a question for the jury, unless the undisputed facts would allow reasonable minds to draw just *one inference* from them." *Rocky Mountain*, 467 P.3d at 292 (citation omitted) (emphasis added)).

### B. Proximate Cause

The City argues Ms. Sisneros was not a "proximate cause" of the house collision because essentially

> [t]he undisputed facts here show that, following the initial collision with the Ford, Sisneros was incapacitated, likely from hitting her head on the driver side window hard enough to cause the window to break, and that her incapacity lasted until after the collision with the house.

ECF No. 40 at 14; *see also id.* at 13 (arguing Ms. Sisneros "ha[d] no recollection of the passenger vehicle striking the bus"); ECF No. 53 at 11. Plaintiffs counter "the record evidence shows that genuine factual questions for the jury exist regarding whether Ms. Sisneros" was the proximate cause of the collision, and that the City "incorrectly argues" evidence "show[ing]" her incapacitation entitles Defendant to summary judgment on the proximate cause issue. ECF No. 43 at 15. The Court agrees with Plaintiffs.

"[P]roximate causation . . . depends largely on the question of the foreseeability of harm." *Rocky Mountain*, 467 P.3d at 292 (quotations omitted). Regarding proximate cause, "the plaintiff must prove that the harm incurred was a 'reasonably foreseeable' consequence of the defendant's negligence." *Deines v. Atlas Energy Servs., LLC*, 484 P.3d 798, 802 (Colo. App. 2021) (citations omitted). "The existence of proximate or legal causation is also a question of fact for the jury at trial." *Rocky Mountain*, 467 P.3d at 293 (quotations omitted).

Here, for substantially the same reasons granting summary judgment in the City's favor as to whether Ms. Sisneros was the "but for" cause of the collision would be improper, so too is it improper to grant summary judgment in the City's favor as to

proximate causation. There are sufficient factual disputes regarding the speed at which Ms. Sisneros was driving at the time of the collision—and whether this exceeded the speed limit on Berkley Avenue—as well as to whether Ms. Sisneros failed to counter-steer, as some evidence shows she was trained to do in events such as the collision with Mr. Montoya's Ford Focus, in order to acquire her Class "B" Commercial Driver's License. *See* ECF No. 43-12 at 43, 47. And evidence certainly creates a dispute of material fact as to whether the consequences of Ms. Sisneros's driving speed and failure to counter steer made injuries, including Plaintiffs' property damage, foreseeable. *See, e.g.,* ECF NO. 43-13 at 61; *id.* at 96; ECF No. 43-12 at 20. *See also HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 889 (Colo. 2002) ("[F]or an injury to be a foreseeable consequence of a negligent act, it is not necessary that the tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur, but only that some injury will likely result in some manner as a consequence of his negligent acts."). And to the extent the City argues "a driver who experiences an unexpected medical event . . . is not the proximate cause of damage," ECF No. 40 at 14, this argument attends to *factual disputes* in the record as to how her injuries could render Ms. Sisneros the proximate cause of Plaintiffs' harm, thus precluding summary judgment in the City's favor.

At bottom, there are certainly disputed factual questions as to whether the type of harm Plaintiffs suffered—property damage as a result of the collision—were "reasonably foreseeable" due to Ms. Sisneros's negligence; i.e., driving over the speed limit and failure to counter steer. *See, e.g., Rocky Mountain*, 467 P.3d at 292; *Deines*, 484 P.3d at 802.

Record evidence shows there is—at a bare minimum—a factual dispute as to whether "it [was] foreseeable *that an injury* [would] occur" as a result of Ms. Sisneros's conduct, *Build It & They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 306 (Colo. 2011) (emphasis added), therefore precluding summary judgment in the City's favor on proximate cause, which on the record before the Court is properly a "question of fact for the jury at trial," *Rocky Mountain*, 467 P.3d at 293 (quotations omitted). *See also HealthONE*, 50 P.3d at 889.

### C. Duty

The parties' dispute regarding Ms. Sisneros's duty is easily summarized: on one hand, the City argues "she did not have" a duty to the Plaintiffs, ECF No. 40 at 15, while on the other, Plaintiffs argue Colorado law clearly establishes Ms. Sisneros's duty in this case, *see* ECF No. 43 at 14. The Court agrees with Plaintiffs.

"The existence and scope of a legal duty is a question of law." *Hesse v. McClintic*, 176 P.3d 759, 762 (Colo. 2008) (citation omitted). And in this case, the City construes that question narrowly, asking whether there exists any "binding Colorado precedent holding that a vehicle operator who, at no fault of their own is unexpectedly struck by a high-speed vehicle, has a legal duty to operate their vehicle to avoid subsequent collisions." ECF No. 40 at 15; *see also* ECF No. 53 at 3. But Plaintiffs correctly observe that, under Colorado law, *all drivers* "are under a duty to drive with reasonable care." ECF No. 43 at 14. *See, e.g., Hesse*, 176 P.3d at 762 ("*All drivers* [are] under a duty to drive with reasonable care under the circumstances . . . . This is the duty that attaches *to every driver* when he or she goes on the road." (citations omitted) (emphasis added)); *United Blood Servs., a Div. of Blood Sys., Inc. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992)

(noting the "source of [a] duty . . . may originate from a judicial decision"). Thus, the City errs in arguing there is no precedent that guides the Court's analysis of Plaintiffs' negligence claim, or the legal duty under which Ms. Sisneros—as a driver on the road the day of the collision—operated for purposes of Plaintiffs' negligence claim. *Compare* ECF No. 40 at 15, *with Hesse*, 176 P.3d at 762. Fundamentally, and contrary to the City's argument, there is no need for the Court to "recognize" a new duty—as one exists, *see, e.g., Hesse*, 176 P.3d at 762. Ms. Sisneros was under a duty to drive with reasonable care under the circumstances. *See, e.g., id.*

Accordingly, for the reasons set forth above, the Court declines to grant summary judgment in the City's favor on this element of Plaintiffs' negligence claim.[*]

### D. Breach

The City argues Plaintiffs "cannot meet their burden that Sisneros breached" any duty she owed them. ECF No. 40 at 17. Plaintiffs argue the question of whether Ms. Sisneros breached her duty is "a question of fact," and that they have put forth sufficient evidence to survive summary judgment as to whether Ms. Sisneros "acted negligently"— i.e., breached her duty. ECF No. 43 at 14–15. The Court agrees with Plaintiffs.

---

[*] The City seeks distance from *Hesse*, arguing it is factually distinguishable and does not impose a duty on "a vehicle operator who is unexpectedly involved in a sudden collision that was no fault of their own to operate their vehicle to avoid subsequent collisions in the immediate aftermath of the first collision such as here." ECF No. 53 at 5. But *Hesse* did not *limit* itself to its factual circumstances, and other cases have affirmed the proposition that "*all drivers* [are] under a duty to drive with reasonable care under the circumstances." 176 P.3d at 762 (emphasis added); *see also Bedee v. Am. Med. Response of Colorado*, 361 P.3d 1083, 1090 (Colo. App. 2015) ("In Colorado, for over half a century, our courts have held that drivers have a duty to drive with reasonable care under the circumstances." (citation omitted)). And whether Ms. Sisneros was drove reasonably under the circumstances attends to the question of her breach of that duty., which the Court discusses further below. *See, e.g., Salyards v. Sellers*, No. 14-cv-1946-WYD-MJW, 2016 WL 775683, at *5 (D. Colo. Feb. 29, 2016).

"[T]he question of whether the defendant breached [a] duty by its actions . . . is one of fact and . . . is a matter for resolution by a jury." *Wills v. Bath Excavating & Const. Co.*, 829 P.2d 405, 408 (Colo. App. 1991), *aff'd*, 847 P.2d 1141 (Colo. 1993) (citation omitted); *Salyards*, 2016 WL 775683, at *5 ("Whether a person is negligent—that is, whether she breached her duty of care by acting unreasonably under the circumstances—is ordinarily a question of fact for the jury." (citation omitted)). Specifically, a question of fact as to whether Ms. Sisneros "acted reasonably under the circumstances and therefore did not breach [her] duty of care." *Hesse*, 176 P.3d at 763 (citation omitted).

In support of its argument, the City—as with its proximate cause argument—references Ms. Sisneros's "medical incapacity," as well as the following purportedly "undisputed" facts:

- The force of the Ford's initial collision with the bus was "sufficient to redirect the bus diagonally";

- The time between the Ford collision and the bus's collision with the house was "around four seconds";

- That "even if" Ms. Sisneros was "medically capable" of reacting, the "time in which she had to react was merely seconds"; and

- The "brief seconds between the bus's first collision with the Ford and its collision with the house were filled with four other collisions."

ECF No. 40 at 17; *see also* ECF No. 53 at 8 (arguing Ms. Sisneros did not breach any duty because "3.3 seconds is insufficient time to avoid a secondary collision"). Therefore,

"no reasonable jury could find that [Ms.] Sisneros breached a duty" to Plaintiffs. ECF No. 40 at 17.

But as Plaintiffs argue, there are genuine factual disputes as to whether Ms. Sisneros acted unreasonably under the circumstances and therefore breached her duty of care. *See* ECF No. 43 at 15; *Salyards*, 2016 WL 775683, at *5; *Hesse*, 176 P.3d at 763. For example, as to whether Ms. Sisneros was driving over the speed limit on Berkeley Avenue and failed to counter steer. *See, e.g.,* ECF No. 43 at 15. Fundamentally, the Court agrees with Plaintiffs that, after reviewing the record evidence in its entirety and construing this evidence in Plaintiffs' favor, *see Mares*, 971 F.2d at 494, there are sufficient factual disputes as to whether Ms. Sisneros herself acted unreasonably under the circumstances.

To the extent the City argues "emergency" circumstances, *see* ECF No. 40 at 17, such as the short time frame in which Ms. Sisneros had to "react" following the bus's collision with Mr. Montoya's Ford—or whether Ms. Sisneros had the "capacity" to react, *see also* ECF No. 53 at 9—render her conduct reasonable, and thus that she did not breach any duty, this underscores the Court's conclusion that the question of her breach is fundamentally *factual*, and therefore appropriate to submit to a jury—particularly in light of the factual disputes that Plaintiffs have identified. *See Shaw v. Shelter Mut. Ins. Co.*, No. 17-cv-00723-KLM, 2019 WL 1573303, at *6 (D. Colo. Apr. 10, 2019) ("[It] is only in the clearest of cases that the issue of negligence may properly be disposed of on summary judgment.") (citing *Westin Operator, LLC v. Groh*, 347 P.3d 606, 617 (Colo. 2015) and Fed. R. Civ. P. 56(a)). As explained in *Hesse*:

> An emergency does not impose a lesser standard of care on the person caught in the situation; it is simply *one circumstance* to be considered in determining whether the individual responded as a reasonably prudent person would have under the circumstances . . . . We have long held that *whether there was an emergency* and whether the course of conduct chosen under the circumstances was *reasonable are questions of fact* to be determined by the trier of fact . . . . This is in line with our broader rule that the question of whether a person was negligent—that is, whether she breached her duty of care by acting unreasonably under the circumstances—*is ordinarily a question of fact for the jury*.

Hesse, 176 P.3d at 764 (citations omitted) (emphases added); *see also Salyards*, 2016 WL 775683, at *5.

Accordingly, and for the reasons set forth above, the Court declines to grant summary judgment in the City's favor as to whether Ms. Sisneros's breached her duty to Plaintiffs.

## II.    CONCLUSION

For the reasons set forth above, the City's Motion for Summary Judgment (ECF No. 40) is DENIED.

DATED this 30th day of June, 2025.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge