IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01663-CNS-MDB

DAVID V. SALAMA and NANCY M. SALAMA,

 Plaintiffs,

v.

CITY OF PUEBLO, a municipal corporation,

 Defendant.

---

## ORDER

---

  This case arises from an accident that occurred on June 25, 2022, when a transit bus belonging to Defendant City of Pueblo (the Bus) crashed into the home of Plaintiffs David Salama and Nancy Salama after the Bus was hit by a third-party driving a Ford vehicle. It is undisputed that, three months after this action was filed, Defendant intentionally destroyed the Bus, preventing either party from conducting a physical inspection. After the close of discovery, Plaintiffs filed a Motion for Sanctions for Spoliation based on Defendant's destruction of the Bus, ECF No. 61, and Defendants filed a response in opposition, ECF No. 69. On December 3, 2025, Magistrate Judge Maritza Dominguez Braswell held oral argument on Plaintiffs' spoliation motion and heard testimony from both parties' experts. ECF No. 88. Following the hearing, Magistrate Judge Braswell issued a recommendation granting in part and denying in part Plaintiffs'

1

spoliation motion. ECF No. 89 (Recommendation) at 1. Each party filed objections to the Recommendation, ECF Nos. 91, 92, and Defendant filed a response opposing Plaintiff's objection, ECF No. 92.[1]

Having reviewed the briefing on Plaintiffs' spoliation motion, the Recommendation, and the parties' objections, the Court AFFIRMS AND ADOPTS Magistrate Judge Braswell's Recommendation, with modifications, as explained in greater detail below. In ordering the following relief, the Court presumes familiarity with this case's factual and procedural background, and the governing legal standard. *See, e.g., Xcel Energy Servs., Inc. v. Nat'l Am. Ins. Co.*, No. 22–cv–02802–CNS–STV, 2023 WL 3764640, at *5 (D. Colo. June 1, 2023).

## I. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 72(a)

Federal Rule of Civil Procedure 72(a) provides a party the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v.*

---

[1] Pursuant to the Court's Uniform Civil Practice Standards, Defendant was not permitted to file a response to Plaintiffs' objection to the Recommendation on a non-dispositive motion without seeking leave of the Court. *See* CNS Civ. Practice Standard 72.3(d).

2

*Colorado*, No. 22-cv-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

## II.    ANALYSIS

As an initial matter, the Court fully agrees with Magistrate Judge Braswell's conclusion that "[a] spoliation determination is relatively easy here." ECF No. 89 at 5. There is no dispute that Defendant sold the Bus for "scrap *after litigation had already commenced*." *Id.* (emphasis in original). Although neither party objects to this part of the Recommendation, it is worth emphasizing the Court's agreement with this conclusion, particularly in light of Defendant's position that it had "no duty" and no "clear reason" to preserve the Bus despite the fact that litigation was ongoing when the Bus was destroyed. ECF No. 69 at 13–14. Indeed, as Magistrate Judge Braswell correctly notes, whether or not Plaintiff asked Defendant to preserve the Bus has no bearing on Defendant's discovery obligations. ECF No. 89 at 5–7. "Defendant was on notice, Defendant had custody and control of the Bus, and Defendant violated its duty to preserve a key piece of evidence in this litigation." *Id.* at 5 (citing *Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1499 (10th Cir. 1994)). That Defendant failed to meet its discovery obligations and offers "no reasonable explanation for its conduct" is alarming to say the least. *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1313 (11th Cir. 2023). As discussed further below, it is the Court's view that such a flagrant disregard of Defendant's discovery obligations is telling and warrants, at the very least, skepticism and potentially, additional sanctions beyond those recommended.

**A. Defendant's Objection**

Defendant's objection to the Recommendation, ECF No. 90, focuses on Magistrate Judge Braswell's proposed sanction that "Defendant shall not be permitted to support a loss-of-consciousness theory through its evidence, experts, or arguments." *Id.* at 1–2 (citing ECF No. 89 at 10). Defendant represents that it largely has no objection to the proposed sanction,[2] but "seeks clarification as to whether defense counsel or, indeed, Plaintiffs' counsel are precluded from asking Ms. Sisneros, Mr. Welshans, or Officer Quintana questions that would elicit a response indicating that [the Bus driver] Ms. Sisneros had been unconscious following the collision with the Ford." *Id.* at 3. To the extent this proposed sanction is intended to preclude the solicitation of such testimony, Defendants object. *Id.*

As a threshold matter, the Court adopts Magistrate Judge Braswell's proposed sanction precluding Defendants from supporting a loss-of-consciousness theory through its evidence, experts, or arguments. ECF No. 89 at 10. In the Court's view, and despite Defendant's objection, this sanction also prevents Defendant from putting forth *any evidence*, including via witness testimony, in support of that theory. Witness testimony is evidence, and the Court sees no reason to carve out the proposed testimony Defendant suggests from this sanction.

Moreover, this sanction, as clarified, is appropriate in light of the facts of this case,

---

[2] Specifically, Defendant states that "[t]o the extent the Recommendation precludes Defendant from arguing that there was a crack on the driver's side bus window, that such crack is evidence that Ms. Sisneros hit her head on the window and to preclude Defendant from using photographs of the alleged crack in the window, testimony that witnesses observed such crack, or expert opinion that such crack represents evidence that Ms. Sisneros struck her head, Defendants have no objection to the recommended sanction." ECF No. 90 at 2.

4

*see Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.1992) ("Determination of the correct sanction for a discovery violation is a fact-specific inquiry[.]"), and within the Court's discretion to grant, *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642 (1976). *See also Helget v. City of Hays, Kansas*, 844 F.3d 1216, 1225–26 (10th Cir. 2017) ("District courts have 'substantial weaponry' in their arsenal to shape the appropriate relief for a party's spoliation of evidence." (citing *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009)). As the Recommendation notes, "Defendant's theory about loss of consciousness could easily be supported or refuted by access to the physical evidence": the Bus. ECF No. 89 at 7. That Defendant intentionally destroyed the only evidence available to Plaintiff to refute that theory severely limits Plaintiff's ability to counter Defendant's position. It is not Plaintiffs' fault they are in this position or that the evidence is unavailable—that was due to Defendant's actions alone.

Taking into account Defendant's intentional destruction of the Bus, any "applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Helget*, 844 F.3d at 1225–26 (citing *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)). "Sanctions have a number of purposes. Two important purposes to be served in a case where allegations of destruction of evidence are asserted are punishment and deterrence." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 105 (D. Colo. 1996). Barring the presentation of any evidence on Defendant's loss of consciousness theory, including any witness testimony, serves both ends. Weighing Defendant's intentional destruction of the Bus against Plaintiffs' need for this evidence to rebut Defendant's defense, the sanction proposed by

5

Magistrate Judge Braswell, as further clarified as by this order, is appropriate not only to "penalize" Defendant, "whose conduct . . . warrant[s] such a sanction," but also serves "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 105–106 (citing *National Hockey League,* 427 U.S. at 643).

Having dispensed with the sole issue Defendant raises, the Court turns to Plaintiffs' objections.

### B. Plaintiffs' Objections

In their objection, Plaintiffs state that they "largely agree" with the Recommendation but seek additional spoliation sanctions and contend that Magistrate Judge Braswell's Recommendation erred in three ways. ECF No. 91 at 1. Plaintiffs first argue that despite Magistrate Judge Braswell's finding that Plaintiffs were prejudiced due to the missing evidence, the Recommendation "provides no remedy or relief . . . on [the] 'key point of contention' relating to the point-of-impact," *id.* at 2 (citing ECF No. 89 at 6). Plaintiffs contend that this lack of remedy cannot be reconciled with Magistrate Judge Braswell's acknowledgment of the significance of the point-of-impact issue, *id.* at 3, and her statement that, had Defendants not intentionally disposed of the Bus, the parties may have been able to resolve their disagreement on this point, *id.* at 4 (citing ECF No. 89 at 9). Plaintiffs thus request that the Court impose an additional sanction precluding Defendant from presenting evidence of arguments on its theory of the point-of-impact. *Id.* 3–4. Plaintiffs additionally argue that Magistrate Judge Braswell erred in failing to find that Defendants acted in bad faith, *id.* at 8–10, and in ordering Defendants to pay 50% (rather than 100%) of Plaintiffs' attorneys fees and costs associated with briefing and arguing

6

Plaintiff's spoliation motion, *id.* at 10–11.

Plaintiffs' argument regarding the lack of a sanction focused on the point-of-impact issue is well-taken. It is true that Magistrate Judge Braswell acknowledged that the Bus could have been "one of the most direct pieces of evidence" available to resolve the parties' experts' differing opinions on the point-of-impact issue. ECF No. 89 at 6. However, Magistrate Judge Braswell also acknowledged that "Plaintiffs' expert has offered a comprehensive reconstruction report that confidently draws conclusions based on other evidence." *Id.* at 10. This is significant, particularly in light of the fact that Defendant's expert was similarly able to reach a conclusion on the point-of-impact issue without examining the Bus, as Plaintiffs acknowledge. ECF No. 91 at 7. Despite Plaintiffs' objection, the Court agrees with Magistrate Judge Braswell that the ability of both parties' experts to reach a conclusion on this issue with the evidence before them does offset the level of prejudice Plaintiffs suffer due to the Bus's destruction.

However, even if the Bus was not *critical* to the point-of-impact issue, it is indisputably relevant, and the Court is not necessarily convinced that not imposing a sanction to address the point-of-impact issue is appropriate either. *See Pepe v. Casa Blanca Inn & Suites LLC*, No. 18-cv-476-NDF-KHR, 2020 WL 5219391, at *2 (D.N.M. Apr. 10, 2020) ("A spoliation sanction is appropriate if the spoliation occurred when the party had a duty to preserve the evidence and the spoliation is prejudicial to the opposing party.") (citing *Burlington N. & Santa Fe R. R. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)). This is particularly so given that, as Plaintiffs note, Defendant intentionally destroyed a key piece of evidence in this matter, but has failed to "raise a single process,

7

policy, communication, or effort it made to ensure preservation." ECF No. 91 at 9. And Defendant has affirmatively stated that it had no reason to preserve the Bus, even after litigation began. *See* ECF No. 69 at 13–14. While the Recommendation quickly and correctly discards this argument, ECF No. 89 at 4–6, Defendant's flagrant disregard of and failure to take responsibility for its clear discovery obligations should not go without consequence on the critical point-of-impact issue.[3]

### C. Sanctions

Though it is tempting to impose increased and/or additional sanctions at this time, it is the Court's view that with additional clarification and modifications as to the required report and recommendations (R&R) described in paragraph two below, the Recommendation is appropriate and is therefore ADOPTED. As noted below, however, the Court reserves judgment on the imposition of additional or enhanced sanctions, concluding that such may be appropriate after the Court's review of the R&R. Thus, the Court ORDERS the following:

1. Defendant is precluded from presenting or supporting a loss-of-consciousness theory at trial through its evidence, experts, or arguments.

2. Defendant shall thoroughly investigate the failure to preserve the Bus and prepare an R&R that details the root cause of the failure.[4] The R&R shall also

---

[3] Of course, either party may reference the destruction of the Bus, including the timing of that destruction, at trial. This is not a fact from which the jury will be shielded.

[4] For avoidance of doubt, the R&R shall include information pertaining to Defendant's ordinary policy or practice for the disposal of damaged vehicles in its possession, including whether no ordinary policy or practice exists; Defendant's ordinary policy or practice for the preservation of relevant evidence generally when litigation is imminent or pending, including whether no ordinary policy or practice exists; whether any attorney communicated with the Pueblo Transit Director Benjamin Valdez or any other Pueblo Transit

    contain a specific set of recommendations which may include policy recommendations, communication plans, training, and/or other reasonable adjustments to avoid spoliation in the future. The R&R shall also state which recommendations Defendant has adopted to help prevent spoliation of evidence in the future. The R&R shall then be submitted to the Court for in camera review at Sweeney_Chambers@cod.uscourts.gov via *ex parte* email communication no later than **February 27, 2026**. Defendants shall also notify Plaintiffs on that date confirming its submission of the R&R to the Court.

3. Defendant shall pay, at least, 50% of Plaintiffs' fees and costs associated with briefing and arguing this Motion, though the Court reserves the right to modify that percentage following its review of the R&R.

4. Any such additional sanctions the Court deems appropriate following its review of the R&R.

### III.   CONCLUSION

In light of the foregoing, the Court ADOPTS WITH MODIFICATIONS, as outlined above, Magistrate Judge Braswell's Recommendation on Plaintiff's Motion for Sanctions, ECF No. 89, and grants in part and denies in part Plaintiff's Motion for Sanctions, ECF No. 61. Defendant's Objection to Recommendation of United States Magistrate Judge, ECF No. 90, is OVERRULED. Plaintiff's Objection to Recommendation of United States

---

employee regarding the preservation of evidence after the Bus accident occurred and, if so, what information was communicated and when the communication occurred; whether Defendant issued a litigation hold prior to or after the Bus was destroyed and, if so, to whom it was issued and what instructions were included; when the decision to destroy the Bus was made and whether any attorneys were consulted; when the Bus was actually destroyed; and when Defendant's attorneys were notified of the destruction, including whether they were informed of the destruction before or after the Bus had already been sold.

Magistrate Judge, ECF No. 91, is also OVERRULED in light of the Court's modifications set forth above.

DATED this 5th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge