IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01663-CNS-MDB

DAVID V. SALAMA and NANCY M. SALAMA,

Plaintiffs,

v.

CITY OF PUEBLO, a municipal corporation,

Defendant.

---

**ORDER**

---

This case arises from a bus accident that occurred on June 25, 2022, when a bus belonging to Defendant City of Pueblo (the Bus) crashed into the home of Plaintiffs David Salama and Nancy Salama after being hit by a third-party vehicle. On April 10, 2026, at the conclusion of a five-day trial, the jury returned a verdict in Plaintiff's favor. *See* ECF Nos. 128, 129.

Now before the Court are the following motions: (1) Plaintiffs' Motion for Pre-Judgment and Post-Judgment Interest, ECF No. 130; (2) Defendant's Motion for Stay of Execution of Judgment and Waiver of Security, ECF No. 135; and (3) Plaintiffs' Motion for Order for Defendant to Pay Attorney Fees and Costs Pursuant to the Court's March 12, 2026, Order, ECF No. 131. The Court addresses each of the motions below.

## I. ANALYSIS

### A. Plaintiffs' Motion for Pre-Judgment and Post-Judgment Interest, ECF No. 130

The Court first considers Plaintiffs' Motion for Pre-Judgment and Post-Judgment Interest. *See* ECF No. 130. In the motion, Plaintiffs contend that since the jury returned a verdict in their favor, they are entitled to pre- and post-judgment interest under Colorado law, which they explicitly requested in their complaint, *id.* at 2–3, even though such relief was omitted from the final judgment entered by the Court, *see* ECF No. 129. Plaintiffs' requested relief includes pre-judgment interest pursuant to C.R.S. § 5-12-102(1) in the amount of $8,080.93, *id.* at 2, 5, and post-judgment interest from April 10, 2026, until paid pursuant to C.R.S. § 5-12-102(4) at a rate of 8% per annum compounding annually on: (1) their $353,030.00 damages, (2) the $8,080.93 pre-judgment interest that has accrued on their damages, and (3) their recoverable litigation costs, which shall be taxed in accordance with the Court's Final Judgment, *id.* at 5.

In response to Plaintiffs' request for pre-judgment interest, Defendant states that it does not dispute that "if the Judgment is upheld, [Plaintiffs] are entitled to [pre-judgment] interest at the rate set forth in C.R.S. § 5-12-102" and that it "does not dispute the pre-judgment interest calculations" offered in Plaintiffs' motion. ECF No. 140 at 2. However, with respect to Plaintiffs' request for post-judgment interest, Defendant states that any such request is premature because "an appeal is currently pending before the Tenth Circuit Court of Appeals" and "[t]he outcome of the appeal may affect the underlying judgment and any ultimate award of interest." *Id.*

Considering the parties' arguments, the Court finds that Plaintiffs are entitled to pre-judgment interest pursuant to C.R.S. § 5-12-102(1) in the amount of $8,080.93 and post-judgment interest at the 8% rate set forth in C.R.S. § 5-12-102(4) in an amount to be calculated pending final resolution of Defendants' appeal, should the judgment be upheld. Accordingly, the Court will enter an Amended Final Judgment to include the foregoing.

**B. Defendant's Motion for Stay of Execution of Judgment and Waiver of Security, ECF No. 135**

The Court next turns to the parties' briefing on Defendant's Motion for Stay of Execution of Judgment and Waiver of Security. *See* ECF Nos. 135, 141, 144.

In the motion, Defendant asks the Court to stay execution of the judgment in this matter pursuant to Federal Rule of Civil Procedure 62(b) without requiring that Defendant post a supersedeas bond or other security. ECF No. 135; *see also* ECF No. 144. Defendant's request arises from the fact that it has sufficient funds to pay the judgment either through its own funding or through the Colorado Intergovernmental Risk Sharing Agency (CIRSA), which would ultimately satisfy the judgment in this case. *Id.* Defendant's assertions are supported by an affidavit from Carla Sikes, the City Attorney for the Defendant City of Pueblo. *See* ECF No. 135-1 (Sikes Aff.). In response, Plaintiffs argue that such relief is improper because Defendant fails to meet its burden of showing that waiver of security is warranted. *See* ECF No. 141. For the reasons explained below, Defendant's motion is denied.

Federal Rule of Civil Rule 62(b) provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the

> bond or other security and remains in effect for the time specified in the bond or other security.

As the Tenth Circuit has explained, the purpose of a supersedeas bond, like that required by Rule 62(b), "is to secure an appellee from loss resulting from the stay of execution." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (collecting cases). "[A] full supersedeas bond should be the requirement in normal circumstances," *id.*, with the general rule being that the bond be equal to the "full amount of the judgment," *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). And while "[d]istrict courts . . . have inherent discretionary authority" to depart from that rule when setting supersedeas bonds, *Miami Int'l Realty*, 807 F.2d at 873; *see also Strong*, 443 F.3d at 1299 ("the district court has discretion in setting the [bond] amount"), such departures are generally limited to "unusual circumstances," *Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT, 2019 WL 5623307, at *1 (D. Colo. Oct. 30, 2019) (citing *Farm Bureau Life Ins. Co. v. American Nat. Ins. Co.*, No. 2:03 CV 646 (TC), 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009)).

The party seeking to stay execution of a judgment without posting a security has the burden to (1) "demonstrate objectively that posting a full bond is impossible or impractical" and (2) "'propose a plan that will provide adequate (or as adequate as possible) security for the appellee.'" *Miami Int'l Realty*, 807 F.2d at 873–74 (citing *United States v. Kurtz,* 528 F.Supp. 1113, 1115 (D. Pa.1981)); *Valenzuela v. Coleman*, No. 18-cv-00329-CMA-STV, 2022 WL 1120506, at *1 (D. Colo. Apr. 13, 2022) ("The party seeking to reduce or waive the bond requirement must demonstrate that such a departure is warranted and 'present the court with a financially secure plan that will provide

adequate security for the judgment creditor, in lieu of posting a supersedeas bond.'") (quoting *Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ.A.01 PC 2163 OES, 2003 WL 25265871, at *2 (D. Colo. Apr. 21, 2003)).

Here, Defendant offers evidence to demonstrate that the judgment will be protected for Plaintiffs; in fact, the entire basis of Defendant's request is that it has sufficient funds to satisfy a judgment, either through itself or through its membership in CIRSA. ECF No. 135 at 3. However, as Defendant concedes, it offers *no facts* to show that posting bond is impossible, impractical, or would lead it to suffer irreparable harm. *See* ECF No. 144 at 1–2 (conceding that rather than addressing "irreparable harm," Defendant "seeks relief based on the other available factors for the Court to consider," including "that there are funds available to pay the judgment and that the City's ability to pay is such that posting a bond would be unnecessary and a waste of money"). Even considering the factors set forth in Defendant's briefing, *see* ECF No. 135 at 3 (citing *Wilmer v. Bd. of Cnty. Commrs.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993)), that some courts have waived the bond requirement where a defendant has made clear their ability to satisfy a judgment does not convince the Court that it must do the same here.[1] This is particularly so given that other courts have reached a contrary conclusion and found waiver or modification of the bond requirement to be improper despite the liable party's demonstrated ability to satisfy a judgment. *See, e.g.*, *Perez v. Sunbeam Prods., Inc.*, No.

---

[1] *See, e.g.*, *Fox v. Pittsburg State Univ.*, F.R.D. 342, 345–46 (D. Kan. 2017) (determining that it was appropriate to waive the bond requirement where the party requesting the stay represented that there were "funds sufficient to cover [the] judgment following the post-trial motions and subsequent appeal if one is taken" in a sworn statement); *Dutton v. Johnson County Board of County Commissioners*, 884 F.Supp. 431, 435 (D. Kan. 1995) (waiving bond requirement after taking judicial notice that the defendant municipality demonstrated its ability to pay the judgment and that the collection process would be simple).

21-cv-01915-PAB-KAS, 2026 WL 1145558, at *2 (D. Colo. Apr. 28, 2026) (denying defendants' request to stay execution of judgment with only a partial bond posting because "[p]er defendants' own representations, they have sufficient money to do so without it being an undue burden"); *Cocona, Inc. v. VF Outdoor, LLC*, No. 16-cv-02703-CMA-SKC, 2025 WL 1617234, at *1 (D. Colo. May 23, 2025) (denying motion to post no or partial bond where liable party "made it abundantly clear that it has the funds to post the full supersedeas bond"). Absent authority otherwise, the Court opts to follow the Tenth Circuit's guidance which provides that modification or waiver of a supersedeas bond is appropriate when a defendant has demonstrated that they are "unable to post a full bond" or that "that execution on the judgment would place [the defendant] in insolvency." *Miami Int'l*, 807 F.2d at 874.

Accordingly, Defendant's motion for stay of execution and waiver of security, ECF No. 135, is DENIED without prejudice. It is further ORDERED that, Defendant has 14 days from the entry of this Order to confer with Plaintiffs and move for a stay of execution pursuant to Rule 62(b) in accordance with the foregoing.

**C. Plaintiffs' Motion for Defendant to Pay Attorney Fees and Costs, ECF No. 131**

Last, the Court considers Plaintiffs' motion requesting that the Court enter an order requiring Defendant to pay the sanctions ordered by the Court on March 12, 2026. *See* ECF No. 131 at 3 (citing ECF No. 102). In its response filed on May 15, 2026, Defendant states that it "does not dispute the amount sought by Plaintiffs" in connection with this motion and that after "locating funds within the City of Pueblo's budget," "Defendant

anticipates paying the requested amount of $26,771.50 in attorney fees and $1,714.64 in costs within 30 days from the date of this response." ECF No. 139 at 2.[2]

As more than 30 days have now passed since Defendant filed its response, the Court understands that Defendant has paid the ordered sanction. Accordingly, Plaintiffs' Motion for Order for Defendant to Pay Attorney Fees and Costs Pursuant to the Court's March 12, 2026, Order, ECF No. 131, is DENIED AS MOOT without prejudice. In the event that Defendant still has not paid the ordered sanction as of the day this Order is entered, Plaintiff is granted leave to refile its motion with the Court.

## D. CONCLUSION

Consistent with the foregoing, the Court hereby ORDERS the following:

(1) Plaintiffs' Motion for Pre-Judgment and Post-Judgment Interest, ECF No. 130, is GRANTED, and an Amended Final Judgment shall issue to include pre-judgment interest in the amount of $8,080.93 pursuant to C.R.S. § 5-12-102(1), and post-judgment interest pursuant C.R.S. § 5-12-102(4) in an amount to be calculated pending final resolution of this matter;

(2) Defendant's Motion for Stay of Execution of Judgment and Waiver of Security, ECF No. 135, is DENIED, and Defendant has 14 days from the entry of this Order to move for a stay of execution pursuant to Rule 62(b) in accordance with the foregoing; and

[2] Defendant made a similar representation in another filing which stated that "the City anticipates making the payment [ordered by the Court's sanctions motion] within 30 days from the date of the Response (May 15, 2026) and further anticipates that a check will be mailed to Plaintiffs' counsel by the end of May, 2026." ECF No. 144 at 3.

(3) Plaintiffs' Motion for Order for Defendant to Pay Attorney Fees and Costs Pursuant to the Court's March 12, 2026, Order, ECF No. 131, is DENIED AS MOOT.

DATED this 18th day of August 2026.

BY THE COURT:

__________________________________

Charlotte N. Sweeney
United States District Judge